**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

| | | |
|---|---|---|
| SYREETA ANNETTE HERRON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-01034-STA-jay |
| | ) | |
| TRENTON SPECIAL SCHOOL DISTRICT, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING IN PART PLAINTIFF'S MOTION IN LIMINE**

Before the Court is Plaintiff's Motion *in Limine* (ECF No. 63) filed on June 7, 2021. Defendant has filed a response. (ECF No. 71.) For the following reasons, Plaintiff's Motion is **GRANTED in part and DENIED in part**. The Court will address each item Plaintiff seeks to exclude in turn.

Plaintiff first seeks to prevent Defendant from introducing evidence of the outcome of the state's investigation into Plaintiff's complaint to the state's child abuse hotline. This part of the motion is **GRANTED**. Plaintiff reported that Defendant was not complying with the student-teacher ratio for students with disabilities and that students' IEPs were not being followed due to inadequate supervision. (Def's Statement of Undisputed Fact ¶ 2-5.) The state subsequently conducted an investigation into Plaintiff's allegations wherein they found no wrongdoing on the part of Defendant. According to Defendant, this information is relevant to determining whether Plaintiff had reasonable cause to believe that Defendant's actions were illegal. Plaintiff disagrees, arguing that it is not necessary under the Rehabilitation Act and the Tennessee Public Protection Act to prove that Defendant acted illegally and so evidence of the state's findings would only serve

1

to confuse the issues and mislead the jury. A review of the elements of each of Plaintiff's claim is instructive here.

Pursuant to the burden-shifting framework articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), the prima facie case of discrimination that Plaintiff must set forth is:

> 1) The plaintiff engaged in legally protected activity; 2) the defendant knew about the plaintiff's exercise of this right; 3) the defendant then took an employment action adverse to the plaintiff; 4) the protected activity and the adverse employment action are causally connected.

*Gribcheck v. Runyon*, 245 F. 3d 547, 550 (6th Cir. 1987). The element to which the state's report is salient is the first. That element "typically refers to action taken to protest or oppose a statutorily prohibited discrimination." *Rorrer v. City of Stow*, 743 F. 3d 1025, 1046 (6th Cir. 2014). "A special education teacher must do more than merely assist her disabled students in order for there to be protected activity." *Hicks v. Benton Cty. Bd. of Educ.*, 222 F. Supp. 3d 613, 638–39 (W.D. Tenn. 2016) (quoting *Brooks v. Capistrano Unified Sch. Dist.*, 1 F.Supp.3d 1029, 1036 (C.D. Cal. 2014)). Rather, a special education assistant teacher must "advocate on behalf of her disabled students or protest discrimination perpetrated on them by others." *Id.* (quoting *Brooks*, 1 F.Supp.3d at 1036); *see also Reinhardt v. Albuquerque Pub. Schs. Bd. of Educ.,* 595 F.3d 1126, 1132 (10th Cir. 2010) ("attempting to protect the rights of special education students constitutes protected activity under the Rehabilitation Act"). In its order denying a grant of summary judgment on this claim, the Court found that Plaintiff's action of calling the Child Abuse Hotline to report that she believed students' IEPs were not being followed went beyond mere assistance and raises a question of fact as to whether Plaintiff engaged in a protected activity – advocacy for disabled students. The question before the jury is merely whether Plaintiff took an action to protest or oppose statutorily prohibited discrimination. The report goes towards the question of whether the discrimination or

illegal conduct was actually taking place, which is not at issue in this case. *See* Fed. R. Evid. § 401 ("Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.") The report would therefore not be probative towards establishing Plaintiff's reasonable belief that discrimination was taking place and would contribute to confusing the issue at hand in the eyes of the jurors. *See* Fed. R. Evid. § 403.

Under the Tennessee Public Protection Act, "[n]o employee shall be discharged or terminated solely for refusing to participate in, or for refusing to remain silent about, illegal activities." Tenn. Code Ann. § 51-1-304(b). The TPPA defines "illegal activities" as "activities which are in violation of the criminal or civil code of this state or the United States or any regulation intended to protect the public health, safety or welfare." Tenn.Code Ann. § 50–1–304(c). An employee can satisfy the second element by showing that she had reasonable cause to believe that her employer had violated a law, regulation, or rule. *See Mason v. Seaton,* 942 S.W.2d 470, 472 (Tenn.1997). Necessarily then, evidence going towards Plaintiff's reasonable belief that her employer had violated the law cannot extend past information that would have been reasonably available to the Plaintiff or someone similarly situated at the time she made the complaint. The state investigator compiling the report may have had the benefit of information and experience outside of Plaintiff's scope, making it irrelevant to determining the Plaintiff's reasonableness. It follows logically that a determination of reasonableness cannot be backwards facing. To do so would frustrate the legislative intent of the TPPA – producing an additional burden on whistleblowers by hinging their protection on the results of an inquiry, creating a chilling effect on the whistleblowing itself. *Id.* at 475 (stating that the act, commonly known as the "whistleblower" statute, gives an employee freedom to speak out about illegalities in the

workplace even though it is "axiomatic that an employer who is engaged in illegal activity does not want that activity reported to those officials who are responsible for enforcing the law." Defendant asserts that it will present proof at trial showing that, based on "the totality of the circumstances known by the Plaintiff at the time she made complaint, [] analyzed in light of her training and experience, she could not have had a reasonable belief that TSSD was engaging in illegal or discriminatory conduct." (ECF No. 71 ¶ 2.) Defendant will be allowed to present proof related to this issue that is limited to the universe of information available to the Plaintiff or a similarly situated plaintiff at the time that she made the complaint. Evidence of the report not only exceeds the inquiry of whether Plaintiff had a good faith reasonable belief, but also runs the risk of misleading the jury by misleadingly centering its attention on the result of the investigation. Therefore, the report of the investigation and any references to the results of the report will be excluded from trial.

Plaintiff next moves for the Court to prohibit Defendant from "attempting to bias the jury in any way by implying that the school has limited funds or as a public entity that the outcome of this case will place an unnecessary burden on the school system, the children, citizens, or the community." Because Defendant does not intend to reference the financial impact of this lawsuit at trial, this part of the motion is **DENIED**.

Finally, Plaintiff requests that the Court prohibit the Defendant from claiming that non-renewal is not a termination of Plaintiff's employment with Defendant. Defendant argues that it should be permitted to put on evidence that the Plaintiff was non-renewed as opposed to terminated to rebut elements of Plaintiff's claims and for the purpose of assisting the jury in calculating damages. This Court has already found that, in the Sixth Circuit, non-renewal of a contract constitutes an adverse employment action for purposes of a retaliation analysis. *Herron v. Trenton*

4

*Special Sch. Dist.*, No. 119CV01034STAJAY, 2020 WL 3003050, at *7 (W.D. Tenn. June 4, 2020). The question of whether Defendant was terminated or "non-renewed" is therefore merely a semantic exercise that is not pertinent to analyzing retaliatory discrimination. Plaintiff's performance of the initial contract is irrelevant to determining whether the adverse employment action was legally justified. To the extent that Defendant seeks to introduce evidence that that there is a distinction between termination and non-renewal for purposes of determining an adverse employment action, Defendant will be prohibited from doing so. However, Defendant may present the fact that Plaintiff's contract was not renewed for purposes of setting out the facts of the case and where relevant to calculating damages. This part of Plaintiff's motion is therefore **GRANTED in part**.

        **IT IS SO ORDERED**.

                                        **s/ S. Thomas Anderson**
                                        S. THOMAS ANDERSON
                                        CHIEF UNITED STATES DISTRICT COURT JUDGE

                                        Date: June 21, 2021.