# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| SYREETA ANNETTE HERRON, ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 1:19-cv-01034-STA-jay |
| ) | |
| TRENTON SPECIAL SCHOOL DISTRICT, ) | |
| ) | |
| **Defendant.** ) | |

## ORDER GRANTING AND DENYING RULE 26 OBJECTIONS IN PART

Before the Court is Plaintiff's objections to Defendant's Rule 26 Pre-Trial Disclosures. (ECF No. 60.) Also before the Court is Defendant's Response (ECF Nos. 64, 68) and Plaintiff's Reply to Defendant's Response. For the foregoing reasons, Plaintiff's motion is **GRANTED in part and DENIED in part**. The Court will address each of Plaintiff's objections as follows.

### A. WITNESSES

1. <u>Testimony of Meg Hall and Phara Williams – Investigators for the State of Tennessee</u>

    Plaintiff requests that the Court exclude testimony that the State found no violation of law by Trenton Special School District in response to Plaintiff's complaint. The Court has addressed the admissibility of this testimony in its response to Plaintiff's June 7, 2021 motion in lime and incorporates all of its findings herein.

2. <u>Any and all employees, representatives, agents, or officials of the Tennessee Department of Education</u>

1

Plaintiff objects to this category of persons as being overly broad. Defendant does not intend to call any witnesses not specifically identified in Defendant's Pretrial Disclosures, so Plaintiff's objection is **DENIED**.

3. Any and all employees of Trenton Special School District

Plaintiff objects to this category as being overly broad. Defendant does not intend to call any witnesses not specifically identified in Defendant's Pretrial Disclosures, so Plaintiff's objection is **DENIED**.

4. Deposition testimony of any parties or witnesses

Defendant does not object to Plaintiff reserving its objections to this testimony. Consequently, Plaintiff's objection is **DENIED**.

5. Other listed witnesses

Defendant does not object to Plaintiff's reservation of the right to raise objections to this testimony. Consequently, Plaintiff's objection is **DENIED**.

**B. EXHIBITS**

1. All policies and procedures of the Trenton Special School District

Plaintiff objects to this category as overly broad. Defendant does not intend to introduce any exhibits not specifically identified in Defendant's Pretrial Disclosures, so Plaintiff's objection is **DENIED**.

2. Any student file or records maintained by the Trenton Special School District pertaining to the students in Pre-K special education classroom

Plaintiff objects to this category as overly broad. Defendant does not intend to introduce any exhibits not specifically identified in Defendant's Pretrial Disclosures, so Plaintiff's objection is **DENIED**.

3. <u>Any and all records maintained by the Tennessee Department of Education regarding the complaint of inadequate supervision/staff filed against the Trenton Pre-K Early Childhood Program on May 10, 2018</u>

Plaintiff objects to this category as being overly broad. Defendant does not intend to introduce any exhibits not specifically identified in Defendant's Pretrial Disclosures, so Plaintiff's objection is **DENIED**.

4. <u>Email from Meg Hall to Amy Allen dated March 13, 2018</u>

Plaintiff requests that the Court exclude testimony that the State found no violation of law by Trenton Special School District in response to Plaintiff's complaint. The Court has addressed the admissibility of this testimony in its response to Plaintiff's June 7, 2021 motion in lime and incorporates all of its findings herein.

5. <u>Personnel file of Stacey Minton</u>

Plaintiff objects to the introduction of this file. Defendant does not intend to introduce this at trial. Therefore, this objection is **DENIED**.

6. <u>Any and all "return work slips"</u>

Defendant does not intend to introduce this at trial. Therefore, this objection is **DENIED**.

7. <u>Plaintiff's phone records</u>

Defendant does not intend to introduce these records. Therefore, this objection is **DENIED**.

8. <u>Employee non-renewal letters</u>

Plaintiff objects to the introduction of non-renewal letters for other employees of the Defendant. Defendant seeks to introduce this evidence to show that TSSD sends out its non-renewal letters in May every school year. The Court finds that this is relevant rebuttal evidence

for the limited purpose of contradicting Plaintiff's claim of a causal connection between the protected activity and adverse employment action. To the extent that Defendant seeks to introduce this testimony to show that non-renewal of the contract is not an adverse employment action, the Court has addressed this issue in its response to Plaintiff's June 7, 2021 motion in lime and incorporates all of its findings herein.

9. <u>Performance evaluation of Brittany Mann</u>

Defendant seeks to introduce the performance evaluations of Brittany Mann during the 2017-2018 school year to show that "the Plaintiff and Ms. Mann's evaluations are identical" and to demonstrate that Defendant's evaluations were not indicative of whether an employee would be non-renewed. Preliminarily, the Court questions the relevance of the Mann evaluation to the instant case. However, the Court does not have to reach the question of relevance, because it finds that the Mann evaluation is inadmissible under Rule 37 of the Federal Rules of Civil Procedure which provides:

> (1) Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a)…
> (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. Civ. Proc. Rule 37(c)(1). Defendant argues that its failure to produce the Mann evaluation is harmless because counsel for Defendant first obtained a copy of the document on June 3, 2021. The Court finds that argument to be unavailing – Defendant itself has presumably had the document in its possession throughout the life of this case. Counsel's failure to discover it earlier does not constitute substantial justification to produce this evidence at trial. Further, the fact that Ms. Mann's non-renewal letter was produced to Plaintiff together with numerous non-renewal letters of other former employees of the Defendant did not give Plaintiff sufficient, if any,

4

notice of Defendant's claim that Ms. Mann's case is "identical" to the Plaintiff's. Allowing this evidence in on the eve of trial, long after the close of discovery, would therefore substantially harm the Plaintiff by depriving her of the opportunity to further investigate Defendant's claim by requesting further discovery or deposing witnesses. Defendant has not shown that its failure to disclose was substantially justified or harmless. Consequently, it is not only permissible, but salutary in this case, to require Defendant, rather than Plaintiff, to bear the consequences of its violation of the rule. *See Universal Health Grp. v. Allstate Ins. Co.,* 703 F.3d 953, 956 (6th Cir.2013) (internal quotation marks and punctuation omitted). This finding also extends to the introduction of Brittany Mann's termination letter for the above-stated purposes. Plaintiff's request to exclude the evaluation and termination letter of Brittany Mann is therefore **GRANTED**.

10. Amy Allen's typewritten notes regarding allegations contained in the Complaint

Defendant does not intend to introduce this evidence. Therefore, Plaintiff's objection is **DENIED**.

    **IT IS SO ORDERED**.

    **s/ S. Thomas Anderson**
    S. THOMAS ANDERSON
    CHIEF UNITED STATES DISTRICT COURT JUDGE

    Date: June 21, 2021.