IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| SYREETA ANNETTE HERRON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:19-cv-01034-STA-jay |
| TRENTON SPECIAL SCHOOL DISTRICT, | ) ) ) | |
| Defendant. | ) | |

## ORDER DENYING MOTION IN LIMINE

Before the Court is Defendant's Motion *in Limine* (ECF No. 62) filed on June 7, 2021 submitted in support of its position that, even if successful at trial, Plaintiff is not entitled to front pay or back pay because of her status as an at-will employee. Plaintiff has responded in opposition. For the following reasons, Defendant's Motion is **DENIED**.

Defendant argues that, because Plaintiff did not have an expectation of continued employment, she could not have had a property interest in her employment, such that she would be entitled to an award of front or back pay. Plaintiff, in turn, argues that Defendant's motion is an improper and untimely attempt to seek exclusion of claims which is inappropriate for a motion *in limine*. On the merits of Defendant's points, Plaintiff asserts that at-will employees who are retaliatorily terminated *can* be entitled to front and back pay. The Court agrees with the Plaintiff. First, Defendant's motion falls plainly outside the scope of a motion *in limine*. A motion in limine is "any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n. 2, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984). "Unlike a summary judgment motion, which is

1

designed to eliminate a trial in cases where there are no genuine issues of material fact, a motion in limine is designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial interruptions." *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013) (quoting *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir.1990)). "A motion in limine is not intended to resolve non-evidentiary matters prior to trial for in civil actions a mechanism already exists for this purpose, the summary-judgment motion." *Id.* (citations omitted).

Defendant's request for the Court to determine that Plaintiff is not entitled to back or front pay is essentially a motion for summary judgment on Plaintiff's damage claims because the effect of granting the motion would be to totally dispose of those claims. In fact, as Plaintiff points out, Defendant tellingly raised these arguments in its motion for summary judgment. The Court considered those arguments in disposing of the summary judgment, a process which, unlike the mechanism for resolving motions in limine, allows for "full development of the evidence" and provides parties with robust procedural protections and opportunity to fully defend claims. *Louzon*, 718 F.3d 556, 561-562. Furthermore, Defendant fails entirely to point to any rules of evidence or particular evidence it wishes to exclude. Defendant instead seeks to exclude entire claims, citing to no evidentiary basis. On this point alone, Defendant's motion should fail. But even considering Defendant's argument on the merits, the Court rejects the position that an at-will employee can never be entitled to back or front pay. *See Schwartz v. Gregori*, 45 F.3d 1017, 1023 (6th Cir. 1995) (affirming district court's judgment awarding front pay and back pay to at-will employee in retaliatory discharge case.) Therefore, because Defendant's motion is procedurally improper, Defendant's motion is **DENIED**.

**IT IS SO ORDERED**.

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT COURT JUDGE

Date: June 21, 2021.